UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALES, et al., | No. 2:15-cv-01145-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| DUTSCHKE, et al., | |
| Defendants. | |

I.      INTRODUCTION

Plaintiffs filed the complaint in this action on May 27, 2015. ECF No. 1. Summonses were issued to the defendants on May 28, 2015. ECF Nos. 2, 3. On September 26, 2015, defendants Carlene Chamberlain, Erica Pinto, and San Diego Gaming Ventures LLC requested an extension of time to respond to the complaint. ECF No. 7. On September 29, 2015, the previous judge assigned to the case granted the extension, giving defendants until thirty days after the last named defendant has been served to respond to the complaint. ECF No. 8. On October 13, 2015, defendants Kenny Meza, Robert Mesa, Richard Tellow, Penn National Gaming Inc. ("Penn National Gaming"), and C.W. Driver Inc. ("C.W. Driver") filed the pending ex parte application to extend time to respond to the complaint. ECF No. 12. On October 14, 2015, plaintiffs opposed the ex parte application. ECF No. 13.

1

Having reviewed defendants' ex parte application and plaintiffs' opposition, as well as the docket of the case, the court makes the following orders:

## II. SERVICE OF PROCESS

### A. Legal Standard

If a defendant is not served within 120 days after the complaint is filed, Rule 4(m) of the Federal Rules of Civil Procedure empowers the court to "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *In re Sheehan*, 253 F.3d 507, 512–13 (9th Cir. 2001) (courts have discretion under Rule 4(m), absent a showing of good cause, to dismiss the action without prejudice). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (citing Federal Rule of Civil Procedure 4(m)).

When a plaintiff, as here, also sues an officer or employee of the United States in an individual capacity for an act occurring in connection with duties performed on behalf of the United States, a party must serve the United States and also serve the officer or employee as an individual under Rule 4(e). Fed. R. Civ. P. 4(i)(3). The Ninth Circuit and other courts of appeal have repeatedly held that when an official is sued in both her individual and official capacities, service under Rule 4(i)(2) is not sufficient; the official must be dismissed from the action in her individual capacity unless she is also served as an individual under Rule 4(e). *See, e.g.*, *Hutchinson v. United States*, 677 F.2d 1322, 1328 (9th Cir. 1982) (unless official is served as individual under Rule 4, the court does not have jurisdiction over official); *Micklus v. Carlson*, 632 F.2d 227, 240 (3d Cir. 1980) (rejecting plaintiff's argument that "once [the official] was served in his official capacity, he was properly before the court in both individual and official capacities").

/////
/////
/////
/////

B.    Discussion

On October 5, 2015, three copies of the summons and complaint arrived in the post office box of the Jamul Indian Village tribe with the names of individual defendants Mr. Meza, Mr. Mesa, and Mr. Tellow underlined on the summons. ECF No. 12 at 4. Mr. Meza, Mr. Mesa and Mr. Tellow, current and former officials of the tribe, say they have not been served personally or by any other manner. ECF No. 12 at 4. From the court's review of the docket, it is unclear whether federal defendants Amy Dutschke and John Rydzik have been served.

Plaintiffs argue that plaintiffs' process server, Knox Attorney Services, has informed them that all defendants have been served with a copy of the summons and complaint. ECF No. 13 at 1. However, the docket entries do not show proof of service for any of these five defendants.

IT IS THEREFORE ORDERED that plaintiffs show cause **within 14 days** of the date of this order why the claims against Mr. Meza, Mr. Mesa, Mr. Tellow, and the federal defendants, Ms. Dutschke and Mr. Rydzik, should not be dismissed for failure to comply with Rule 4(m).

III.    TIME TO RESPOND TO COMPLAINT

Defendants C.W. Driver and Penn National Gaming say they were untimely served. On September 25, 2015, 121 days after filing the complaint, defendants say plaintiffs attempted service of summons and the complaint on defendant C.W. Driver by leaving a copy of said pleadings at one of defendant C.W. Driver's offices. ECF No. 12 at 4. On September 28, 2015, plaintiffs delivered three copies of the summons and complaint to the construction site of the casino, where defendant C.W. Driver is the contractor, without identifying the party to whom the documents were directed. *Id.*; *see* ECF No. 1 at 4. On October 5, 2015, 132 days after filing the complaint, defendants say plaintiffs attempted to serve the summons and complaint on defendant Penn National Gaming. *Id.*

IT IS THEREFORE ORDERED that defendants Penn National Gaming and C.W. Driver shall respond to the complaint **within 30 days** of the date of this order. Any challenge to service these defendants wish to bring may be raised by motion.

3

IV.     CONCLUSION

The court VACATES the order of September 28, 2015, ECF No. 8, and makes the following orders:

1. Plaintiffs are ordered to show cause within 10 days of the date of this order why the claims against Mr. Meza, Mr. Mesa, Mr. Tellow, and the federal defendants, Ms. Dutschke and Mr. Rydzik, should not be dismissed under Rule 4(m).

2. Defendants Penn National Gaming and C.W. Driver are ordered to respond to the complaint within 30 days of the date of this order.

IT IS SO ORDERED.

DATED: November 3, 2015.

_____
UNITED STATES DISTRICT JUDGE

4