UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSALES, et al., | No. 2:15-cv-01145-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| DUTSCHKE, et al., | |
| Defendants. | |

On November 4, 2015, the court ordered plaintiffs to show cause within 10 days of why the claims against defendants Kenneth Meza, Robert Mesa, Richard Tellow, Amy Dutschke and John Rydzik, should not be dismissed under Rule 4(m) for lack of timely service of summons and complaint. ECF No. 14. The court issued its order because the docket did not show proof of service for any of these five defendants. *Id.* at 3.

On November 12, 2015, plaintiffs filed a timely response to the court's order to show cause, ECF No. 26, and filed summons returned executed for the five defendants at issue, ECF Nos. 15, 16, 19–21. The returned summons for Ms. Dutschke and Mr. Rydzik make a preliminary showing of having timely served them through an authorized agent pursuant to Federal Rule of Civil Procedure 4(e)(2)(C). *See* ECF Nos. 15, 16. The returned summons for Mr. Meza, Mr. Mesa, and Mr. Tellow make a preliminary showing of having served them through

1

substituted service in accordance with California law, *see* Fed. R. Civ. P. 4(e)(1), but the service was untimely under Rule 4(m). *See* ECF Nos. 19–21. Plaintiffs filed the complaint on May 27, 2015, so service was due 120 days later, on September 24, 2015. *See* Fed. R. Civ. P. 4(m). The returned summons show that plaintiffs eventually served Mr. Meza on September 28, 2015, and Mr. Mesa and Mr. Tellow on October 17, 2015. *See* ECF Nos. 19–21.

If a plaintiff shows good cause for failure of timely service, the court has discretion under Rule 4(m) to extend the time to serve process even after the prescribed 120-day period has expired. *Mann v. Am. Airlines*, 324 F.3d 1088, 1090 (9th Cir. 2003). Here, the returned summons for Mr. Meza, Mr. Mesa, and Mr. Tellow show that plaintiffs had made unsuccessful attempts at service within the 120-day period. *See* ECF Nos. 19–21. In addition, plaintiffs eventually served defendants within 30 days after the 120-day period had expired. Good cause appearing, the court grants plaintiffs' request for an extension to serve process nunc pro tunc and discharges the court's November 4, 2015 Order to Show Cause. This order does not preclude defendants' challenging the sufficiency of service through a properly noticed motion.

For the foregoing reasons, it is HEREBY ORDERED that:

1. This court's Order to Show Cause, ECF No. 14, is DISCHARGED.

2. The court GRANTS nunc pro tunc plaintiff's request for an extension to serve process pursuant to Rule 4(m). Accordingly, the time for service of the complaint is retroactively extended by 30 days to October 26, 2015.

IT IS SO ORDERED.

DATED: December 4, 2015.

_____
UNITED STATES DISTRICT JUDGE

2