UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER ROSALES, et al., | No. 2:15-cv-01145-KJM-KJN |
| Plaintiffs, | |
| v. | ORDER |
| AMY DUTSCHKE, et al., | |
| Defendants. | |

On April 22, 2016, the court held a hearing on the defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(1), (5), (6), and (7). *See* Tribal Defs.' Mot. Dismiss, ECF No. 27; Fed. Defs.' Mot. Dismiss, ECF No. 33. Patrick Webb appeared for the plaintiffs, Vicki Boesch and Barbara Marvin appeared for the federal defendants, and Frank Lawrence appeared for the defendants affiliated with the Jamul Indian Village (the Tribe). The motion is denied, in part as moot, as the complaint is dismissed under Federal Rule of Civil Procedure 8. The motions are also granted in part under Rule 12(b)(5).

I.      A SHORT AND PLAIN STATEMENT

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement" that shows why the plaintiff is entitled to relief. Complaints that are argumentative, redundant, confusing, and irrelevant do not comply with this Rule. *Hearns v. San*

1

*Bernardino Police Dep't*, 530 F.3d 1124, 1129–31 (9th Cir. 2008). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996).

The complaint here is ninety-seven pages long. ECF No. 1. It contains no short and plain statement. For example, it discusses California's government between 1846 and 1850 by the United States Military, *id.* ¶ 32, makes paragraph-length quotations from law review articles and judicial decisions, *id.* ¶¶ 33–34, and reproduces several sections of the California Health and Safety Code, Public Resources Code, and Penal Code, *id.* ¶ 95. It is caustic and argumentative. *See, e.g.*, *id.* ¶ 2 (alleging the defendants "have committed some of the most heinous and grisly of crimes"); *id.* ¶¶ 265–83 (arguing previous litigation has no issue or claim preclusive effect). Despite the complaint's length, it includes only two claims: one for "Tortious Violation of Status and Negligence," and one for "Declaratory and Injunctive Relief," both asserted against all the defendants without differentiation. *See id.* ¶¶ 305–27. Attached to the complaint are twenty-seven evidentiary exhibits that add more than four hundred pages. ECF Nos. 1-1 to 1-7. The complaint is dismissed with leave to amend, as detailed in the conclusion below.

II.  SERVICE OF PROCESS

Amy Dutschke, John Rydzik, Kenny Meza, Richard Mesa, and Richard Tellow argue for dismissal because the plaintiffs have not correctly served them with process. *See* Fed. Defs.' Mem. at 3–4, ECF No. 33-1; Tribe. Defs.' Mem. at 44–49, ECF No. 27.[1]

As summarized in the court's previous order, "[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m);[2] *see* Order Nov. 4, 2015, ECF No. 14.

---

[1] The defendants move to dismiss on several other additional grounds; however, because the complaint is dismissed under Rule 8, the court does not reach these arguments in this order.

[2] Rule 4(m) now requires the completion of service within 90 days.

A defendant may move to dismiss for "insufficient service of process" under Federal Rule of Civil Procedure 12(b)(5).

Rule 4 imposes specific requirements when the defendant is an officer or employee of the United States:

> To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee [as an individual].

Fed. R. Civ. P. 4(i)(3). When an official is sued in both her individual and official capacities, service of the United States or agency alone—i.e., service under Rule 4(i)(2)—is not sufficient; the official must be dismissed from the action in her individual capacity unless she is also served as an individual. *See, e.g.*, *Hutchinson v. United States*, 677 F.2d 1322, 1328 (9th Cir. 1982).

  A. <u>Defendants Dutschke and Rydzik</u>

Dutschke and Rydzik are federal officers and are sued in both their individual and official capacities. *See* Compl. ¶ 12. The plaintiffs served a process clerk at the Sacramento offices of the Bureau of Indian Affairs (BIA), then mailed the summons and complaint to the same BIA office. ECF Nos. 15, 16, 25, 47. The court previously found that this was a sufficient "preliminary showing of having timely served them through an authorized agent pursuant to Federal Rule of Civil Procedure 4(e)(2)(C),"[3] but allowed the defendants to challenge the sufficiency of service. Order Dec. 4, 2015, ECF No. 28.

The defendants protest that the BIA process clerk was not authorized to receive service for them in their personal capacities. *See* Fed. Defs.' Mem. at 3–4; Fed. Defs.' Reply at 2. In response, the plaintiffs filed revised proofs of service. ECF No. 47. They are essentially identical to the originals, but include one additional note: the clerk was purportedly "authorized to

---

[3] That Rule provides that "an individual . . . may be served in a judicial district of the United States by . . . delivering a copy of [the summons and complaint] to an agent authorized by appointment or by law to receive service of process."

accept personal service on behalf of [the defendants] in their official and individual capacities." *Compare* ECF Nos. 15, 16 (original) *with* ECF No. 47 (revised).

This summary assertion of authorization is neither credible nor legally sufficient. *See, e.g.*, *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."). Neither may the plaintiffs rely on their assertions that Dutschke and Rydzik must have learned by now that they have been sued. *See* Opp'n Fed. Defs.' Mot. 13–14, ECF No. 40. If the court were to agree, Rule 4(i)(3) would have no effect. Service has not been completed on Dutschke and Rydzik in their personal capacities.

### B.     Meza, Mesa, and Tellow

The plaintiffs' process server attempted to serve Meza, Mesa, and Tellow in person on September 21, 23, 25, and 28, 2015 at "14191 State Route Highway 94, Jamul, CA 91935." Meza Service 3, 6, ECF No. 19; Mesa Service 3, 6, ECF No. 20; Tellow Service, 3, 6, ECF No. 21. That is the address of the Tribe's office, community center, cemetery, and the location of a casino construction site. Pinto Decl. ¶ 19, ECF No. 27-1. The defendants were not there. Meza Service at 3, 6; Mesa Service at 3, 6; Tellow Service at 3, 6. On September 28, 2015, the process server attempted to leave a copy of the summons and complaint with a man named "Leonel" at the Highway 94 address, but Leonel refused to accept service on the defendants' behalf. Meza Service at 5; Mesa Service at 8; Tellow Service at 8. The next day, the process server mailed a copy of the summons and complaint, purportedly to the same address. Meza Service at 7; Mesa Service at 10; Tellow Service at 10. In addition, on Saturday October 17, 2015, the process server left a copy of the summons and complaint with "Tom Groenda, Senior Superintendent," at the same address, Meza Service at 2; Mesa Service at 2; Tellow Service at 2, and again mailed a copy of the summons and complaint, Meza Service at 4; Mesa Service at 4; Tellow Service at 4.

The plaintiffs contend they completed substitute service by delivering copies of the summons and complaint to the people referred to in the proofs of service as "Leonel" and "Tom Groenda," because the Highway 94 address is the defendants' place of business. *See* Opp'n Tribe

Defs.' Mot. at 37; Resp. OSC at 2, ECF No. 26; Fed. R. Civ. P. 4(e)(1) (allowing service as would be permitted by California law); Cal. Civ. Proc. Code 415.20(b) (providing for substitute service at a person's dwelling or usual place of business).[4]

The Tribe's office was not Mesa's place of business or dwelling at the time the process server attempted service. Pinto Decl. ¶ 18. The plaintiffs have therefore not completed service on Mesa. This leaves Meza and Tellow. Section 415.20(b) required the plaintiffs to mail copies of the summons and complaint to the Tribe's physical address after leaving them with a person "apparently in charge" at that location. The proofs of service on file report that the summons and complaint were mailed to the same Highway 94 address, but they were not received at this address; rather, copies of the summons and complaint were received at the Tribe's U.S. Postal Service post office box. Pinto Decl. ¶¶ 20–21. The plaintiffs have not borne their burden to show service was properly completed.

C. Whether to Allow Delayed Service

The 120-day deadline must be extended if a plaintiff shows good cause for the failure. *Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013). Good cause is at minimum excusable neglect, *Lemoge v. United States*, 587 F.3d 1188, 1198 & n.3 (9th Cir. 2009), and the court may also consider whether "(a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) [the] plaintiff would be severely prejudiced if his complaint were dismissed," *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991). If the plaintiff cannot establish good cause, the court may nevertheless extend the deadline as a matter of discretion if the plaintiff establishes excusable neglect. *Crowley*, 734 F.3d at 975.

---

[4] "If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served . . . , a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20(b).

5

The plaintiffs argue vaguely that the defendants have attempted to evade service, but do not explain any further. Neither have they explained their decision to wait until just before expiration of the 120-day deadline to make their first attempt at service of process. Nevertheless, they did attempt to complete service before the deadline expired, and it is unclear what prejudice the defendants would suffer were the court to allow an extension of time. The defendants received actual notice of this lawsuit, retained counsel, and moved to dismiss. A short extension is in order.

III.   CONCLUSION

The complaint is DISMISSED for failure to comply with Rule 8(a). Any amended complaint shall be filed within twenty-one days, and shall not exceed twenty pages. Counsel is cautioned that dismissal without leave to amend may prove necessary if an amended complaint again falls short of Rule 8's standard. *See, e.g.*, *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058–59 (9th Cir. 2011); *McHenry*, 84 F.3d at 1178–79. In filing any amended complaint, counsel is also cautioned to consider the arguments raised in the defendants' current motions to dismiss and is reminded of the obligations imposed by the Local Rules, *see, e.g.*, E.D. Cal. L.R. 180(e), and the Federal Rules of Civil Procedure, *see, e.g.*, Fed. R. Civ. P. 11(b)(1)–(3).

Service on Kenny Meza, Richard Mesa, and Richard Tellow, and on Amy Dutschke and John Rydzik in their personal capacities, shall be completed within seven days of the date any amended complaint is filed, if those persons are again named as defendants.

IT IS SO ORDERED.

DATED: May 2, 2016.

UNITED STATES DISTRICT JUDGE